UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARION DION FREDERICK, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-01160 (UNA) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff's complaint falls into this category. He provides no address, in contravention of D.C. LCvR 5.1(c)(1), although information in his attachments indicates that he may currently reside in Austin, Texas, *see* Compl. Exhibits ("Exs."), ECF No. 1-1, at 1. Plaintiff sues the District of Columbia, alleging cryptically that he "would like injunctive relief over claims of being time positive." *See* Compl. at 1. No other information is provided. The remainder of his submission

consists of a hodgepodge of assorted and unexplained exhibits, standing in contravention of D.C. LCvR 5.1(e).  Those exhibits predominantly consist of police records from various Texas police precincts, Texas state court records, and inmate grievances submitted at local Texas facilities.  *See* Exs. at 2, 6–12.  They also include several handwritten pages, presumably authored by plaintiff, that oscillate through disparate topics, including, the concept of time, aliens, circumcision, "love through space," plaintiff's "bloodline," cults, "fanciful tea parties," evolution, "sovereign power," and an assortment of other abstract declarations and open-ended rhetorical questions.  *See id.* at 3–5, 13.  The relief sought is unspecified.

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge